UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| REBECCA POSOLI-CILLI<br>492 Teal Plaza<br>Secaucus, New Jersey 07094<br><br>and<br><br>CONNIE MARRERO<br>1162 50th Street<br>North Bergen, New Jersey 07047<br><br>and<br><br>JEREMY STUMPF<br>29 Marlboro Street<br>Morganville, New Jersey 07751<br><br>and<br><br>KEVIN BJORKDAHL<br>7 Grand Street<br>Weehawken, New Jersey 07086<br><br>and<br><br>ARLENE CORVELLI<br>16 Seminole Avenue<br>Dumont, New Jersey 07628<br><br>*Plaintiffs*<br><br>v.<br><br>ANDREW BRADLEY<br>Thomas' Purchase<br>7138 Pomona Road<br>Chestertown, Kent County, Maryland 21620<br><br>*Defendant.* | Case No. _____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Rebecca Posoli-Cilli, Connie Marrero, Jeremy Stumpf, Kevin Bjorkdahl and Arlene Corvelli (collectively "Plaintiffs"), by their undersigned counsel, Alan M. Freeman and Blank Rome LLP, as and for their Complaint, allege as follows:

### Parties, Jurisdiction and Venue

1.  Plaintiff Rebecca Posoli-Cilli ("Posoli-Cilli") is an individual who, at all relevant times, has maintained her residence in the State of New Jersey, and who is a citizen of the State of New Jersey.

2.  Plaintiff Connie Marrero ("Marrero") is an individual who, at all relevant times, has maintained her residence in the State of New Jersey, and who is a citizen of the State of New Jersey.

3.  Plaintiff Jeremy Stumpf ("Stumpf") is an individual who, at all relevant times, has maintained his residence in the State of New Jersey, and who is a citizen of the State of New Jersey.

4.  Plaintiff Kevin Bjorkdahl ("Bjorkadahl") is an individual who, at all relevant times, has maintained his residence in the State of New Jersey, and who is a citizen of the State of New Jersey.

5.  Plaintiff Arlene Corvelli ("Corvelli") is an individual who, at all relevant times, has maintained her residence in the State of New Jersey, and who is a citizen of the State of New Jersey.

6.  Upon information and belief, Defendant Andrew Bradley ("Bradley") is an individual who, at all relevant times, has maintained his residence in the State of Maryland, and who is a citizen of the State of Maryland. Bradley is a senior officer of Avjet Corporation ("Avjet"), which is the former employer of Plaintiffs.

7.  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332. Plaintiffs are citizens of New Jersey and Defendant is a citizen of Maryland. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391(a) in that the Defendant resides in this district.

**Facts Common to All Counts**

9. Plaintiff Rebecca Posoli-Cilli was employed by Avjet until on or about August 30, 2007, when she resigned from the company and thereafter started her own company, Freestream Aircraft USA Ltd. ("Freestream").

10. Plaintiffs Connie Marrero, Jeremy Stumpf, Kevin Bjorkadahl and Arlene Corvelli were employed by Avjet until on or about September 5, 2007, when Avjet terminated their employment with the company. Subsequently, each of them went to work for Freestream.

11. Freestream and Avjet are competitors in the aircraft brokerage business.

## COUNT ONE

12. Plaintiffs hereby incorporate Paragraphs 1 through 11 of this Complaint as though fully set forth herein.

13. On or about September 5, 2007, Bradley stated to one or more employees of AVPRO, Inc., an entity engaged in the same business as Avjet and Plaintiffs, that Plaintiffs had been stealing from Avjet, and further that such stealing was the reason Plaintiffs' employment with Avjet was terminated by Avjet.

14. Such statements were false, and Bradley knew them to be false at the time he made them.

15. Upon information and belief, Bradley published such false statements with actual malice.

900202.16000/35875512v.1

16. Bradley made such false statements for the purpose of harming Plaintiffs in their business and profession.

17. Upon information and belief, such false statements have caused Plaintiffs actual harm in their business and profession.

18. As a result of the foregoing, Plaintiffs are entitled to, and hereby seek, actual damages in the amount of $1,000,000.00 and punitive damages in excess of $5,000,000.00.

## COUNT TWO

19. Plaintiffs hereby incorporate Paragraphs 1 through 11 of this Complaint as though fully set forth herein.

20. In or about September 2007, Bradley stated to Jerry Smith, president of JBA Aviation, Inc., an entity in the same business as Avjet and Plaintiffs, that Plaintiffs had been stealing and doing other illegal and improper things while employed at Avjet.

21. Such statements were false, and Bradley knew them to be false at the time he made them.

22. Upon information and belief, Bradley published such false statements with actual malice.

23. Bradley made such false statements for the purpose of harming Plaintiffs in their business and profession.

24. Upon information and belief, such false statements have caused Plaintiffs actual harm in their business and profession.

25. As a result of the foregoing, Plaintiffs are entitled to, and hereby seek, actual damages in the amount of $1,000,000.00 and punitive damages in excess of $5,000,000.00.

## COUNT THREE

26. Plaintiffs hereby incorporate Paragraphs 1 through 11 of this Complaint as though fully set forth herein.

27. In or about September 2007, Bradley stated to Barry Wade of Wachovia Equipment Finance that Avjet's Teterboro, New Jersey office, which was staffed by Plaintiffs Posoli-Cilli, Marrero, Stumpf, Bjorkdahl, and Corvelli, was shut down pending Avjet's investigation into such staff's illegal activities, and that Avjet's attorney would proceed against the staff.

28. Such statements were false, and Bradley knew them to be false at the time he made them.

29. Upon information and belief, Bradley published such false statements with actual malice.

30. Bradley made such false statements for the purpose of harming Plaintiffs in their business and profession.

31. Upon information and belief, such false statements have caused Plaintiffs actual harm in their business and profession.

32. As a result of the foregoing, Plaintiffs are entitled to, and hereby seek, actual damages in the amount of $1,000,000.00 and punitive damages in excess of $5,000,000.00.

## COUNT FOUR

33. Plaintiffs hereby incorporate Paragraphs 1 through 11 of this Complaint as though fully set forth herein.

34. In or about late September or early October 2007, Bradley stated to Lee Krelstein of L & L Aviation that Avjet had terminated the employment of the staff in its Teterboro, New Jersey office,

which consisted of Plaintiffs Posoli-Cilli, Marrero, Stumpf, Bjorkdahl and Corvelli, because such staff had been running side businesses and stealing from Avjet. At or about the same time, Bradley told Lee Krelstein that all the employees of Avjet's Teterboro office were useless and hung around playing video games all day, and that Plaintiff Posoli-Cilli never was present at the office and never made any money for Avjet.

35. Such statements were false, and Bradley knew them to be false at the time he made them.

36. Upon information and belief, Bradley published such false statements with actual malice.

37. Bradley made such false statements for the purpose of harming Plaintiffs in their business and profession.

38. Upon information and belief, such false statements have caused actual harm to Plaintiffs in their business and profession.

39. As a result of the foregoing, Plaintiffs are entitled to, and hereby seek, actual damages in the amount of $1,000,000.00 and punitive damages in excess of $5,000,000.00.

WHEREFORE, Plaintiffs respectfully request that the Court:

(a) enter judgment for Plaintiffs on each count of the Complaint;

(b) award Plaintiffs damages on Count One of the Complaint in the amount of $1,000,000.00 in actual damages and in excess of $5,000,000.00 in punitive damages;

(c) award Plaintiffs damages on Count Two of the Complaint in the amount of $1,000,000.00 in actual damages and in excess of $5,000,000.00 in punitive damages;

(d) award Plaintiffs damages on Count Three of the Complaint in the amount of $1,000,000.00 in actual damages and in excess of $5,000,000.00 in punitive damages;

(e) award Plaintiffs damages on Count Four of the Complaint in the amount of $1,000,000.00 in actual damages and in excess of $5,000,000.00 in punitive damages;

(f) award Plaintiffs their costs and disbursements of this action, including reasonable attorneys fees; and

(g) grant Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: August 29, 2008

Respectfully submitted,

Alan M. Freeman (Bar No. 013147)
BLANK ROME LLP
600 New Hampshire Avenue, NW
Washington, D.C. 20037
Tel: (202) 772-5800
Fax: (202) 572-8370
Email: freeman@blankrome.com

*Counsel for Plaintiffs*

Of Counsel:

Bennett H. Last, Esq.
GILBRIDE TUSA, LAST & SPELLANE LLC
708 Third Avenue, 26th Floor
New York, NY 10017
Tel: (212) 692-9666
Fax: (212) 661-6328

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs Rebecca Posoli-Cilli, Connie Marrero, Jeremy Stumpf, Kevin Bjorkdahl and Arlene Corvelli, by counsel, demand a jury trial on all issues triable of right by a jury.

                                                   /s/ Alan M. Freeman

Alan M. Freeman (Bar No. 013147)
BLANK ROME LLP
600 New Hampshire Avenue, NW
Washington, D.C. 20037
Tel: (202) 772-5800
Fax: (202) 572-8370
Email: freeman@blankrome.com

*Counsel for Plaintiffs*

August 29, 2008